HOWARD FRANCISCO, Appellant, *vs.* T. F. DOVE *et al.*
Appellees.

*Opinion filed December 17, 1907.*

ATTORNEY AND CLIENT—*relation must be proved before attorney can be held as trustee.* One seeking the benefit of the rules that an attorney who purchases from his client the subject matter of the litigation will be regarded as a trustee for the client, and that for an attorney to acquire the subject matter of the litigation is presumptively fraudulent, must establish, by proof, that the relation of attorney and client existed with respect to the transaction.

APPEAL from the Circuit Court of Shelby county; the Hon. S. L. DWIGHT, Judge, presiding.

R. M. PEADRO, for appellant.

WALTER C. HEADEN, DOVE & DOVE, WILLIAM H. CRAIG, GEORGE B. RHOADS, and WILLIAM H. RAGAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The father of Howard Francisco, the appellant, died about 1865, and shortly before his death divided his lands in Shelby county between his children. He gave appellant seventy acres and put him in possession. Appellant remained in such possession, either personally or by a tenant, until 1898,—a period of more than thirty years,—but he never had a deed. In 1886 he made a mortgage of the lands for $300, and in 1893 another one for $825. The second mortgage was purchased by the first mortgagee and both were foreclosed, and a decree was entered on October 17, 1895, for $1425.57, under which the master sold the premises to the mortgagee on November 30, 1895, for the amount due. On January 27, 1897, T. F. Dove, one of the appellees, bought the certificate of purchase, giving his

note for $1000 and check for $699.80. The premises were
not redeemed, and on March 5, 1897, the master executed
a deed to Dove. The appellant was not then living on the
premises and they were occupied by a tenant, who paid
rent to Dove after the master's deed was made. On Feb-
ruary 26, 1901, Dove sold the premises to the other ap-
pellee, Frederick N. Swartz, and since that time Swartz
has had possession. On January 21, 1903, appellant filed
the bill in this case to redeem from the master's sale, al-
leging that before the expiration of the time allowed for
redemption Dove purchased the certificate and promised
him to extend the time of redemption, and that he permit-
ted the redemption to expire in reliance on that promise.
In March, 1906, appellant filed an amendment to his bill,
alleging that when Dove purchased the certificate appellant
had engaged and employed him as his attorney for the pur-
pose of filing a bill to quiet the title, so that he could pro-
cure a loan on the premises. The court heard the cause
on evidence taken before a special master appointed for
that purpose, and at the June term, 1907, dismissed the bill
for want of equity.

Appellant relies upon the rules which obtain in courts
of equity, that an attorney who purchases the subject mat-
ter of the litigation will be regarded as a trustee for his
client, and that to acquire the subject matter of the litiga-
tion in which the attorney is employed to protect the in-
terests of his client is presumably fraudulent. In order to
have the benefit of those rules it was essential that appel-
lant should prove the existence of the relation of attorney
and client between Dove and himself, and we think the cir-
cuit court was right in finding that the evidence failed to
establish the relation. Appellant had an attorney who had
no relation with Dove, and who investigated the matter and
took a judgment note from appellant, upon which judgment
was entered on October 2, 1896, for the purpose of enabling
the attorney to redeem in the future as a judgment creditor.

The time allowed appellant to redem had not then expired, but it seems to have been anticipated that he would not redeem and his attorney would do so. When the time came the attorney did not have the money, and testified that he spoke to Dove and promised to turn over appellant to him and have him take care of it; that Dove said to bring appellant to him, or something of that kind, and that he went with the appellant to Dove's office and introduced him, but heard nothing about any employment. Appellant and Dove contradict each other as to there being any arrangement between them or any undertaking of Dove as attorney, and the conduct of appellant and all the circumstances tend to corroborate Dove rather than him. Appellant lived in the neighborhood, knew that the premises had been sold to Dove, who had taken possession and afterward sold to Swartz, and until this bill was filed he never made any claim against either Dove or Swartz. When the original bill was filed, in 1903, appellant made no claim that Dove was his attorney, and that claim did not appear until the amendment in 1906. There are many circumstances which materially weaken the testimony of appellant, and we are of the opinion that the decree was right.

The decree is affirmed.                    *Decree affirmed.*